UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JACKIE RUTLAND, ET AL.                                                                          PLAINTIFFS

V.                                                                     CIVIL ACTION NO. 3:08CV763 DPJ-FKB

MALCOLM MCMILLIN, ET AL.                                                                      DEFENDANTS

AMENDED ORDER

This civil-rights action is before the Court on Defendant Dr. Lawrence Sutton's motion to dismiss Plaintiffs' medical-malpractice claim as time-barred [157]. Plaintiffs have responded in opposition. The Court, having considered the submissions of the parties, finds that Dr. Sutton's motion should be granted.

Dr. Sutton rendered care to James F. Deaton prior to his death on December 25, 2007. Although, the two-year limitations period for any medical-malpractice claim expired on December 25, 2009, *see* Miss. Code Ann. § 15-1-36(2), Plaintiffs did not name Dr. Sutton as a defendant until April 27, 2010, when they filed the Third Amended Complaint.

The sole issue presented is whether the filing of Plaintiffs' Third Amended Complaint relates back to the filing of their Second Amended Complaint on May 28, 2009. In their Second Amended Complaint, Plaintiffs a alleged claim of medical malpractice and added a "John Doe" defendant, described as a "certain health care professional whose name is not readily available to the Plaintiffs, but whose signature follows both entries on Exhibit A hereto." Pl.'s Second Amended Compl. [40] ¶ 11. The attached exhibit is the "Doctor's Orders" signed by Sutton, though his signature is difficult to read.

Federal Rule of Civil Procedure 15(c)(1)(C) provides that an amendment relates back when

>  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>  (ii) knew or should have known that the action would have been brought against it, but for a *mistake* concerning the proper party's identity.

(Emphasis added.)  The Fifth Circuit has held that an amendment to substitute a named party for a John Doe does not relate back because "for a 'John Doe' defendant, there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant." *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998); *see also Whitt v. Stephens Cnty.*, 529 F.3d 278, 282-83 (5th Cir. 2008) ("We have held, however, that an amendment to substitute a named party for a John Doe does not relate back under rule 15(c)."); *Johnson v. Burnett*, Civil Action No. 3:09cv734 CWR-LRA, 2011 WL 976579, at *2 (S.D. Miss. March 17, 2011).  Here, Plaintiffs were not mistaken as to the identity of the physician, and accordingly, under *Jacobsen*, the amendment does not relate back.[1]

As such, Dr. Sutton's motion to dismiss [157] Plaintiffs' medical-malpractice claim is granted.[2]

---

[1]  Dr. Sutton also points out that the initial notice he received of any claim against him was Plaintiffs' Notice of Claim Letter, dated October 26, 2009, more than 120 days after the filing of the Second Amended Complaint.  He submits this is further evidence that Rule 15(c)(1)(C) has not been met.

[2]  The Court's prior Order [245] has been amended to remove the following statement: "Because this is the only pending claim against Dr. Sutton, he is dismissed from this action."  Dr. Sutton is to be reinstated as a defendant in this action.

**SO ORDERED** this the 30th day of June, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
